FILED
United States Court of Appeals
Tenth Circuit

July 1, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL FRANCIS BROEMMEL,

Defendant-Appellant.

No. 10-1440
(D.C. No. 1:08-CR-00183-JLK-1)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

Michael Francis Broemmel appeals from an eight-month sentence of

incarceration imposed following the revocation of his supervised release. He

contends that the revocation was untimely and that the district court denied him

due process and deprived him of his right to counsel in connection with his

revocation hearing. We affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

**1. Federal Charges and Supervised Release**

Mr. Broemmel, a former Kansas attorney, pleaded guilty in 2002 to two counts of mail fraud, *see* 18 U.S.C. § 1341, and one count of money laundering, *see* 18 U.S.C. § 1957. He was sentenced to concurrent terms of 41 months' imprisonment on these counts, to be followed by concurrent terms of supervised release of five years on the mail fraud counts and three years on the money laundering count.

Mr. Broemmel was released from incarceration on August 17, 2004. On that date, he began serving his five-year term of supervised release. An outstanding Kansas state warrant, however, had been overlooked at the time of his release from federal custody. This warrant had been issued in 2001, after he entered a no-contest plea to a charge of felony driving while under the influence but failed to appear to serve his one-year sentence.

Kansas authorities took Mr. Broemmel into custody on the outstanding warrant on December 14, 2005, while he was still on federal supervised release. On that date, he began serving his one-year sentence on the driving-while-under-the-influence charge. After three months in jail on this charge he was granted work release. He was released from state custody on December 14, 2006.

The government contends that Mr. Broemmel's federal supervised release was tolled during the year he spent in state custody. According to the

government, his supervised release therefore did not expire until August 16, 2010.

**2. Summons for Revocation of Supervised Release**

On April 21, 2008, jurisdiction of Mr. Broemmel's case was transferred from the District of Kansas to the District of Colorado. On October 9, 2009, he was arrested by the Westminster, Colorado, Police Department on a warrant issued in Jefferson County District Court, charging him with one count of felony theft and two counts of felony identity theft. These new charges involved unauthorized use of a credit card. Mr. Broemmel subsequently pleaded guilty to one count of identity theft, and the remaining two counts were dismissed. On August 4, 2010, the district court issued a summons to Mr. Broemmel seeking revocation of his supervised release based on the identity theft conviction. The summons was served on Mr. Broemmel on August 6, 2010.

**3. Supervised Release Hearing**

The district court held a hearing concerning the supervised release violation on September 10, 2010. At the outset of the hearing, the Assistant United States Attorney stated that Mr. Broemmel's probation officer had told him that Mr. Broemmel had retained counsel. The district court judge registered Mr. Broemmel's counsel's absence by remarking that counsel must be "on a real serious weight loss program." Supp. R., Vol. 2 at 4. Mr. Broemmel explained that "the last time I spoke with him was probably ten days ago. I delivered the retainer to his office. I have been trying to get ahold of him. And I have not

-3-

accomplished that, Your Honor." *Id.* The district court responded, "We're going ahead." *Id.* It then heard testimony from Mr. Broemmel's probation officer. She testified that Mr. Broemmel violated a standard condition of his supervised release requiring him to comply with state, local, and federal law, as evidenced by this guilty plea to a felony in state court. Mr. Broemmel had no questions for the probation officer.

There were no other witnesses. Mr. Broemmel was permitted to make a statement at the close of the hearing. He argued, among other things, that the latter nine months of his Kansas sentence should not have tolled the period of federal supervised release because (1) he was on work release in the community, not in prison, and (2) his Colorado federal probation officer continued to supervise him while he served his Kansas sentence. Under Mr. Broemmel's calculation, his period of supervised release had therefore ended before the probation office filed its violation petition against him. The district court rejected this argument and sentenced him to eight months' incarceration for violating the conditions of his supervised release.

## ANALYSIS

### 1. Expiration of Supervised Release Term

Mr. Broemmel argues that the government's failure to serve the revocation summons on him during his term of supervised release deprived the district court of jurisdiction. We review de novo the issue of whether the district court had

-4-

jurisdiction to revoke Mr. Broemmel's supervised release. *United States v. Johnson*, 581 F.3d 1310, 1311 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 3468 (2010). *See generally United States v. Roberts*, 185 F.3d 1125, 1129 (10th Cir. 1999) (jurisdictional challenges reviewed de novo).

A sentencing court retains jurisdiction to revoke a term of supervised release and to order the defendant to serve a term of imprisonment "for any period reasonably necessary for the adjudication of matters arising before [the] expiration [of the term of supervised release] if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(h)(i). It is undisputed that the summons in this case issued on August 4, 2010.[1] The issue is whether Mr. Broemmel was still serving his term of supervised release on that date.

Mr. Broemmel challenges the government's calculation of both the commencement date of his term of supervised release and the amount of time that the release term was tolled during his service of his Kansas state sentence. A "term of supervised release commences on the day the [prisoner] is released from imprisonment." 18 U.S.C. § 3624(e). The government advises us that this occurred on August 17, 2004. Mr. Broemmel contends, however, that his term of

---

[1]    Mr. Broemmel incorrectly argues that the summons had not only to be issued, but to be *served* on him before the expiration of his term of supervised release in order to meet the statutory requirements. The statute is clear, however, that it is the date of issuance that is essential.

supervised release began two weeks earlier, on August 3, 2004, when he claims he completed a term of halfway house and home detention at the end of his federal sentence.

The Supervised Release Violation Report (Report), prepared by the United States Probation Office, states that "[o]n August 17, 2004, the defendant commenced his term of supervised release." Supp. R., Vol. 1 at 7. Mr. Broemmel cites no evidence of record that contradicts the statement in the Report. For his alternative date we have only the statements he makes in his briefs, and they are not evidence. We therefore conclude that Mr. Broemmel's term of supervised release began on August 17, 2004, as alleged by the Probation Office, not on August 3, 2004, as he now claims.

Mr. Broemmel also challenges the government's calculation of the amount of time that was tolled during the service of his Kansas sentence. The applicable statute specifies that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e).

Mr. Broemmel contends that his supervised release term was tolled at most during the three months he actually spent in jail in Kansas, not during the latter nine months he spent serving his Kansas sentence on work release. He argues that his work release was not "imprisonment" because it provided him with

-6-

liberties that were inconsistent with confinement. It is conceivable that a work release program could be structured so much like parole that it did not toll or interrupt a period of federal supervised release. *See United States v. Rivard*, 184 F.3d 176, 179 (2d Cir. 1999) (discussing relevant factors that could make work release analogous to parole). But the record here is devoid of evidence to support such an analogy or to rebut the position taken by the Probation Department that it "considers work release as part of a sentence of imprisonment for purposes of 18 U.S.C. § 3624(e)." Supp. R., Vol. 1 at 7. We therefore reject Mr. Broemmel's argument.[2]

Mr. Broemmel also argues that his Kansas sentence did not interrupt or toll his period of supervised release because during the time he was serving his state sentence the United States Probation Office (1) remained in contact with him and with this employers, and (2) obligated him to take actions such as filing monthly reports, checking in by telephone, and obtaining approval of employment. As we have already noted, however, the record shows Mr. Broemmel was *imprisoned* during the year he spent confined on his Kansas sentence. If he was "imprisoned," he could not also have been on supervised release. *See United*

---

[2]    Mr. Broemmel attempts to supplement the district court record on this point and on other points with an affidavit attached to his opening brief that is presented for the first time on appeal. We will not consider such materials not presented to the district court. *See, e.g., Boone v. Carlsbad Bancorp., Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992).

*States v. Johnson*, 529 U.S. 53, 57-59 (2000).  In sum, notwithstanding the alleged actions by his probation officer, by statutory definition Mr. Broemmel was not on supervised release during the time he served his Kansas sentence.

## 2. Alleged Due Process Violations

Mr. Broemmel next contends that his right to due process was infringed because he was not provided with the Supervised Release Violation Report until a few minutes before his revocation hearing.  Because he failed to raise this issue in district court, we review it for plain error.  *United States v. Jones*, 530 F.3d 1292, 1298 (10th Cir. 2008).  Under plain error review, we will reverse the district court's determination only if Mr. Broemmel has demonstrated "(1) error (2) that is plain and (3) that affected [his] substantial rights."  *Id.*  "If these three elements are met, then we may, in our discretion, correct an error that seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

The government contends Mr. Broemmel received adequate notice of the charges against him, citing Fed. R. Crim. P. 32.1(b)(2)(A).  *See* Aplee. Br. at 12 (citing *United States v. Sistrunk*, 612 F.3d 988, 992 (8th Cir. 2010)).  Mr. Broemmel's argument, however, appears to center on a different point: whether, given the short notice, he received adequate "'disclosure of the evidence'" represented by the Report.  *See* Aplt. Opening Br. at 10 (quoting Fed. R. Crim. P. 32.1(b)(2)(B)).

We need not resolve whether the district court erred by admitting the Report on short notice. Even if it did, Mr. Broemmel fails to show that his substantial rights were affected. Apart from the Report, the government presented ample evidence in the form of his probation officer's testimony that Mr. Broemmel had violated the terms of his supervised release. The probation officer also testified to other disputed issues in the case, such as the date his supervised release ended. Mr. Broemmel asked her no questions on cross-examination and presented no evidence to controvert her testimony other than his own unsworn statement at the close of the hearing, which the district court apparently did not find persuasive. We discern no plain error as to this issue.

Mr. Broemmel also argues that his due process rights were violated when he was notified to appear at an "initial appearance" but the district court instead proceeded with a final disposition of his parole revocation and sentence. Aplt. Opening Br. at 12. Assuming that Mr. Broemmel was entitled to an initial appearance as a person who was served a summons but was not incarcerated for violating his supervised release, *see* Fed. R. Crim. P. 32.1(a)(1), (2), he neither requested a continuance nor did he request a Rule 32.1 hearing. We therefore discern no plain error as to this issue. *See United States v. Pardue*, 363 F.3d 695, 698 (8th Cir. 2004) (concluding defendant waived Rule 32.1 hearing by failing to request hearing).

### 3.  Right to Counsel

Finally, Mr. Broemmel argues that he was deprived of his right to counsel when the district court proceeded without the presence of his retained counsel.  In revocation proceedings, a defendant has a constitutional right to counsel where he

> makes . . . [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).  *See United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006) (applying *Gagnon* rationale to revocation of supervised release).  *See also, e.g., United States v. Spangle*, 626 F.3d 488, 494 (9th Cir. 2010) (holding that Sixth Amendment rights are inapplicable to supervised release proceedings), *petition for cert. filed*, (No. 10-10893) (U.S. June 2, 2011).  Courts should also consider "whether the [person subject to supervised release] appears to be capable of speaking effectively for himself." *Eskridge*, 445 F.3d at 932 (quoting *Gagnon*, 411 U.S. at 791).

Mr. Broemmel, an erstwhile attorney, fails to show that he was unable to speak effectively for himself.  At the revocation hearing, he offered the following explanation for his crime:

> I did plead in this case and it arose out of a[n] intimate relationship that went south.  And . . . clearly the credit card company was stuck in the middle of this, and I'm paying -- I believe there's a $9700

balance that I'm paying before my sentencing date in the state case. And I . . . will accomplish that.

Supp. App., Vol. 2 at 10.

Even if this explanation offered a colorable rationale for mitigation, it did not raise issues that were "complex or otherwise difficult to develop or present.'" *Gagnon*, 411 U.S. at 791. We therefore conclude that Mr. Broemmel has failed to show a violation of his constitutional right to counsel.

For similar reasons, any violation of Mr. Broemmel's right to counsel detailed in Fed. R. Crim. P. 32.1(b)(2)(D) and 18 U.S.C. § 3006A(a)(1)(E) (including supervised release violation proceedings in plan for furnishing representation at government expense), did not rise to the level of plain error. Mr. Broemmel simply fails to show a deprivation of counsel sufficiently serious to have affected his substantial rights.

## CONCLUSION

The judgment of the district court is AFFIRMED. Mr. Broemmel's pending motions are DENIED.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-11-