FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TEGAN C. GULLEY,

    Defendant - Appellant.

No. 24-3078

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 6:15-CR-10055-JWB-1)**
_____

Daniel T. Hansmeier, Appellate Chief, Kansas Federal Public Defender (Melody Brannon, Federal Public Defender, with him on the briefs), Kansas City, Kansas, for Defendant-Appellant.

Bryan C. Clark, Assistant United States Attorney (Kate E. Brubacher, United States Attorney, and James A. Brown, Assistant United States Attorney, Chief, Appellate Division, with him on the brief), Kansas City, Kansas, for Plaintiff-Appellee.

_____

Before **HOLMES**, Chief Judge, **CARSON**, and **ROSSMAN**, Circuit Judges.

_____

**ROSSMAN**, Circuit Judge.

_____

This appeal stems from a delayed revocation hearing under 18 U.S.C. § 3583(i), which extends the district court's power to revoke an expired term of supervised release if "a warrant or summons has been issued" before the expiration, and the delay from expiration to revocation is "reasonably necessary."

Appellant Tegan C. Gulley served a three-year term of supervised release—the statutory maximum for his offense. A petition to revoke Mr. Gulley's supervised release was filed—and a summons issued—a few days before the term expired, but the district court delayed the revocation hearing for six months at Mr. Gulley's request. The district court ordered Mr. Gulley to remain on his already-expired term of supervision until the continued revocation hearing. Ultimately, the district court revoked supervision and imposed a custodial sentence of 15 months. Mr. Gulley now appeals that judgment, contending the six-month delay was not "reasonably necessary" under § 3583(i), and that the district court therefore lacked subject matter jurisdiction to adjudicate the revocation petition.

Exercising appellate jurisdiction under 28 U.S.C. § 1291, we agree with Mr. Gulley. We therefore vacate the judgment and remand with instructions to release Mr. Gulley from custody.

**I**[1]

We begin by describing the somewhat-unusual procedural history. Next, we consider a threshold question of first impression in our circuit: Is § 3583(i) a jurisdictional statute? We conclude it is. Finally, we explain why the district court lacked subject matter jurisdiction under § 3583(i) to impose the revocation judgment that is the subject of this appeal.

**A**

In 2015, Mr. Gulley pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 77 months' imprisonment. It also sentenced him to three years' supervised release, the applicable statutory maximum. Mr. Gulley began serving his term of supervised release on October 23, 2020.

On October 18, 2023, five days before Mr. Gulley's supervision term would expire, the probation officer filed a revocation petition, alleging eight violations of supervised release. According to the petition, Mr. Gulley possessed an open container of alcohol and a substance believed to be synthetic marijuana while in a vehicle, submitted positive drug tests for PCP and marijuana, possessed PCP and marijuana, failed to report changes

---

[1] We take these facts from the record developed before the district court, including hearing transcripts, the probation officer's revocation petition, and the probation officer's amended violation reports.

of residence, refused to allow a probation officer to conduct a home visit, was found guilty of driving with a suspended license, and was arrested for committing battery on a law enforcement officer and for obstructing/resisting arrest. Mr. Gulley's arrest for battery on a law enforcement officer and obstructing/resisting arrest also resulted in state charges.

The district court issued a summons the same day. The court then set a revocation hearing for November 30, 2023—about one month after Mr. Gulley's term expired on October 23. On October 26, the probation officer filed a violation report listing the same eight violations included in the initial petition. About a month later, the probation officer filed an amended report, notifying the court that Mr. Gulley's pending state charges had been resolved on November 7.

At the November 30 hearing, Mr. Gulley admitted the eight violations. The district court found Mr. Gulley had violated the conditions of his supervised release and began to discuss sentencing. The applicable statute, the district court acknowledged, provided for a custodial sentence of "up to two years followed by supervised release of three years, less any term of imprisonment imposed upon revocation." App. III at 15; *see* 18 U.S.C. § 3583(e)(3), (h). And the advisory Guidelines range was "custody of 21 to 24 months, followed by supervised release of three years, less any term of

imprisonment imposed upon revocation." App. III at 15–16; *see* U.S.S.G. § 7B1.4(b).

The court then asked the parties for "arguments on sentencing." App. III at 16. The government recommended a sentence of 12 months and one day, with no supervision to follow. Mr. Gulley asked for time served and one year of supervised release. But then defense counsel made a request that is at the heart of this appeal: "Alternatively, we ask the court to delay disposition for six months . . . and instead to allow Mr. Gulley the time to prove his significant progress and to make up for the errors that he has, unfortunately, come into during the time of his supervision thus far." App. III at 16–17. Defense counsel suggested delaying the proceedings to give Mr. Gulley the "opportunity to prove his willingness to abide by the law, and then at that point, [the court could] reconsider the disposition in this case." App. III at 23. The district court granted the requested continuance, explaining,

> So what I'm seeing here is a pattern of noncompliance that is spread out over time. As far as I can tell, it's not terribly serious in the grand scheme of things.
>
> Things I don't like are lying to my probation officer or giving her grief . . . . We've reached the end of his term.
>
> So here's what I'm going to do. I'm going to give you what you have asked for, which is I am going to give you six months to get it right.

5

I don't want any more of this coloring outside the lines with marijuana thinking you are off paper and so you can do what you want. I don't want you giving my probation officer any grief.

You get through six months of staying out of trouble and staying off drugs and not giving my probation officer a bunch of trouble, then I will let you go. But if you show me that I misread this by thinking that you have a few minor violations here and there and it should not define you and you demonstrate[] to me that you simply can't get through six months of staying out of trouble when everything is on the line, then understand that your advisory sentencing range here is not the 12 months and a day that probation is recommending. It is 21 to 24 months.

So you are facing potentially a more significant sentence. And when you come back here, that will mean that you have already given me some more trouble of one kind or another with new law violations or other—well, other violations of your conditions of supervision. So that will warrant a more substantial sentence than you would have gotten if we had just disposed of it here today.

App. III at 30–31. The district court—referring to the six-month delay in adjudicating the revocation petition—confirmed with Mr. Gulley, "Is that what you want?" App. III at 31. He answered, "Yes, sir." App. III at 31.

The court set the continued revocation hearing for May 30, 2024. If "[y]ou make it back here on May 30th without violations of your conditions of supervised release or other things that demonstrate a lack of respect for our system here and my probation officer," the district court explained to Mr. Gulley, "then you are a free man." App. III at 32. The district court told Mr. Gulley, "You're continued on your existing conditions of supervision until then." App. III at 32. Neither party objected.

6

The next day, on December 1, the district court entered a written order styled "Order Continuing Supervised Release." App. I at 41. The order stated:

> After being duly advised, Mr. Gulley stipulated to all alleged violations.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that these stipulations have been accepted by the Court and sentencing is deferred. The term of supervised release will be continued for 6 months with the previously ordered conditions of supervised release to remain in effect. The Court continues the final revocation hearing to May 30, 2024, at 9:00 A.M.

App. I at 41.

## B

On May 30, 2024, the parties appeared for the continued revocation hearing. The district court described the proceedings to date:

> [The] defense persuaded me to go along with their request for a deferred disposition and I deferred that until today . . . with the general understanding that if he stayed out of trouble, didn't have any new violations, and otherwise demonstrated to me that he had made a change in his life that put him on the trajectory of being a law-abiding citizen, I would allow his supervision to expire, and he would not have to go back to prison.

App. III at 36–37. But the district court had "received input from the probation officer via email, and face-to-face . . . that Mr. Gulley appears to be using . . . some sort of controlled substance . . . . [H]e's demonstrated repeated instances of being under the influence." App. III at 37. The court confirmed Mr. Gulley

7

"hasn't accrued any new reported [supervised release] violations." App. III at 37.

At this point, the district court turned to sentencing. The government renewed its request for a sentence of twelve months and one day of imprisonment, with no supervision to follow. Defense counsel argued "there is insufficient evidence here to support a finding that Mr. Gulley is actually using an illicit substance." App. III at 39. She also said Mr. Gulley had "gotten his ducks in a row." App. III at 42.

The district court then heard from the probation officer about Mr. Gulley's alleged drug use over the six-month period since the last hearing. The probation officer explained police "were investigating Mr. Gulley for driving under the influence." App. III at 48. On March 4, 2024, law enforcement had witnessed "smoke coming out of [his] vehicle," and when they approached, "Mr. Gulley had a substance all over him and appeared to have been using it." App. III at 48. The probation officer said "it was relayed to me that Mr. Gulley said he used spice." App. III at 49. And, when the probation officer visited Mr. Gulley's residence on March 5, he "appeared to be under the influence of a substance. He . . . couldn't follow a conversation." App. III at 52–53. Defense counsel cross-examined the probation officer, who agreed no drugs or paraphernalia were found when she visited Mr. Gulley's residence.

The district court then confirmed Mr. Gulley was "not being sentenced for any unalleged [new] violations" of supervised release and "the thing that we've been talking about here . . . is not the basis for the establishment of a new violation." App. III at 72. Rather, the subject of the revocation hearing, the court explained, was only those violations Mr. Gulley "has already admitted." App. III at 72.

The district court proceeded to evaluate Mr. Gulley's behavior during the six-month period, however, to determine "basically, does this man's conduct demonstrate that he's taken this seriously the opportunity that's been given to him? That he is a law-abiding citizen who's ready to go out, change the trajectory of his life and lead a productive, law-abiding life?" App. III at 72–73. As to those questions, the district court said, "I conclude that the answer is no." App. III at 73. Mr. Gulley "has not conducted himself during this period of delayed disposition in such a way that I ought to basically not hold him to account for the violations that he admitted to at the prior hearing," the district court reasoned. App. III at 74. "[T]aking all that into account," the district court ruled, "what I am going to do is revoke this man's supervised release and I'm going to sentence him to 15 months' custody; no supervision to follow." App. III at 75. Neither party objected.

This timely appeal followed.

9

## II

Mr. Gulley contests the district court's subject-matter jurisdiction under 18 U.S.C. § 3583(i), which governs revocation "beyond the expiration of the term of supervised release." Section 3583(i) is the governing statute because the district court revoked Mr. Gulley's supervised release on May 30, 2024—many months after his term of supervision expired on October 23, 2023.

Mr. Gulley's argument is straightforward. He argues § 3583(i) places conditions on the exercise of a district court's subject-matter jurisdiction. And under § 3583(i), the court's power to revoke an expired term of supervision depends on any delay between expiration and revocation being "reasonably necessary." Here, Mr. Gulley contends that standard is not met—and therefore the district court lacked jurisdiction—because when it delayed the revocation hearing for six months, the district court also *unlawfully* extended his already-expired term of supervision. We review jurisdictional challenges de novo. *See United States* v. *Bailey*, 259 F.3d 1216, 1218 (10th Cir. 2001). As we will explain, Mr. Gulley is correct.

### A

We must first determine whether § 3583(i) is a jurisdictional statute. "Subject-matter jurisdiction defines the court's authority to hear a given type of case . . . ." *United States* v. *Morton*, 467 U.S. 822, 828 (1984); *see also*

*Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[S]ubject-matter jurisdiction [is] the courts' statutory or constitutional *power* to adjudicate the case."). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Kontrick* v. *Ryan,* 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction.").

"Jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" *Case* v. *Hatch*, 731 F.3d 1015, 1027 (10th Cir. 2013) (quoting *Landgraf* v. *USI Film Prods.*, 511 U.S. 244, 274 (1994)). "In other words, a rule is jurisdictional when 'it governs a court's adjudicatory capacity.'" *Id.* (quoting *Henderson ex rel. Henderson* v. *Shinseki*, 562 U.S. 428, 435 (2011)).

Section 3583(i) provides:

The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and . . . a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

11

The text of § 3583(i) plainly addresses "the power of the court" to hear a certain type of case—namely, a revocation proceeding to adjudicate a "violation of a condition of supervised release" after "the expiration of the term of supervised release." *Case*, 731 F.3d at 1027; *see also United States* v. *Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015) ("Statutes that speak clearly to the courts' statutory or constitutional power to adjudicate the case must of course be treated as jurisdictional . . . ." (quoting *Barnes* v. *United States*, 776 F.3d 1134, 1146 (10th Cir. 2015)). And § 3583(i) "governs a court's adjudicatory capacity" because it sets conditions on where a court's "power . . . extends." *Case*, 731 F.3d at 1027. Specifically, the statute provides that the district court's power to revoke an expired term of supervised release depends on two conditions: (1) "before [the term's] expiration, a warrant or summons [must be] issued"; and (2) "any period" of delay must be "reasonably necessary for the adjudication of matters arising before [the term's] expiration." 18 U.S.C. § 3583(i).

We thus have no trouble concluding § 3583(i) is a jurisdictional statute.[2] And we are not alone in reaching this conclusion. *See, e.g.*, *United*

---

[2] Indeed, we have already suggested as much in an unpublished decision. *United States* v. *Broemmel*, 428 F. App'x 832, 835 (10th Cir. 2011) (explaining "[a] sentencing court retains jurisdiction to revoke a term of supervised release" after expiration if it complies with § 3583(i)). We cite *Broemmel* for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R.

*States* v. *Merlino*, 785 F.3d 79, 81, 84 (3d Cir. 2015) (holding "§ 3583(i) is a jurisdictional statute"—in part because, as we have reasoned, the statute "authorizes a grant of 'power' to the district court and conditions the existence of that power on a specific . . . event"); *United States* v. *Janvier*, 599 F.3d 264, 266 (2d Cir. 2010) ("The plain language of [§ 3583(i)] identifies the . . . condition[s] for the extension of the court's power to . . . revoke the term of release."); *United States* v. *Garrett*, 253 F.3d 443, 449 (9th Cir. 2001) ("[Section] 3583(i) extends the jurisdiction of the federal court only to the period of time reasonably necessary to adjudicate pending supervised release revocation issues."); *United States* v. *Hernández-Ferrer*, 599 F.3d 63, 66 (1st Cir. 2010) ("By its plain language, section 3583(i) extends the district court's jurisdiction beyond the stated expiration of a term of supervised release. But that extension operates only in a particular set of circumstances . . . ."); *United States* v. *Block*, 927 F.3d 978, 980 (7th Cir. 2019) ("Under 18 U.S.C. § 3583(i), a district court retains jurisdiction to revoke supervised release after the term's expiration only if it issues a warrant or summons before the term expires."); *United States* v. *Thompson*, 924 F.3d 122, 126 (4th Cir. 2019) ("District courts . . . generally do not have jurisdiction to sanction supervised release violations once a supervised

32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

release term has expired." (citing 18 U.S.C. § 3583(i)); *United States* v. *Talley*, 83 F.4th 1296, 1300 (11th Cir. 2023) ("[A] court's jurisdiction to revoke supervised release 'extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.'" (quoting 18 U.S.C. § 3583(i)). The government advances no contrary argument and appears to concede § 3583(i) governs the district court's subject matter jurisdiction.[3]

## B

We next consider whether the district court possessed subject matter jurisdiction under § 3583(i) when it revoked Mr. Gulley's supervised release

---

[3] The dissent agrees § 3583(i) is jurisdictional—at least in part. But it contends "§ 3583(i)'s 'reasonably necessary' requirement is not jurisdictional." Dissent at 12. According to the dissent, "'reasonably necessary' rings of discretion," and the dissent asserts such discretion is unusual in jurisdictional statutes. Dissent at 9. We see no basis—in statutory text, history, or caselaw—to separate § 3583(i) into jurisdictional and non-jurisdictional parts. *See United States* v. *Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015) ("Statutes that speak clearly to the courts' statutory or constitutional power to adjudicate the case must of course be treated as jurisdictional . . . ." (quoting *Barnes* v. *United States*, 776 F.3d 1134, 1146 (10th Cir. 2015)). And, notably, the government has not proposed the argument developed by the dissent to establish the district court's subject-matter jurisdiction. *See Green* v. *Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010) ("The party invoking a court's jurisdiction bears the burden of establishing it.")

14

and sentenced him at the continued revocation hearing on May 30, 2024. To answer this question, we must discern whether the two statutory conditions on which the court's power depends have been satisfied. Here, a summons issued on October 18, 2023, just before Mr. Gulley's term expired on October 23. The first prerequisite to jurisdiction under § 3583(i) was thus satisfied, and neither party says otherwise.

The only remaining question is whether any period of delay to adjudicate the violations was "reasonably necessary." "Courts have generally taken a practical approach to the determination of what delays are 'reasonably necessary' for purposes of § 3583(i)." *United States* v. *Morales-Isabarras*, 745 F.3d 398, 401 (9th Cir. 2014). "[U]nder some circumstances, a delay may be 'reasonably necessary' even if it is not 'technically necessary.'" *Id.* (quoting *United States* v. *Garrett*, 253 F.3d 443, 447 (9th Cir. 2001)). As the Ninth Circuit has explained, the "underlying consideration is . . . reasonableness with respect to the legitimate interests of the defendant and the government." *Id.* (quoting *United States* v. *Ramos*, 401 F.3d 111, 118 (2d Cir. 2005)). We endorse this approach, and therefore ask if the delay here was reasonable with respect to the legitimate interests of the parties.

We must first explain which period of delay is at issue. The parties agree Mr. Gulley's three-year term of supervision—the statutory maximum

15

imposed in 2015, which he started serving in 2020—expired on October 23, 2023. Mr. Gulley does not dispute the delay from the term's expiration to the first revocation hearing—October 23 to November 30—was reasonably necessary. During this time, a state court was adjudicating charges against Mr. Gulley, and those charges formed the basis of an alleged violation of his conditions of supervised release. Several courts have held it is "reasonably necessary" to delay revocation until charges relevant to the revocation are adjudicated. *See Morales-Isabarras*, 745 F.3d at 403–04; *United States* v. *Madden*, 515 F.3d 601, 607 (6th Cir. 2008); *Ramos*, 401 F.3d at 117–18. Mr. Gulley does not argue otherwise.

For purposes of his jurisdictional challenge, Mr. Gulley focuses only on the six-month delay between November 30 and May 30, which he claims was not "reasonably necessary." Mr. Gulley acknowledges he asked the district court to delay the revocation hearing. The problem, Mr. Gulley contends, is the district court did more than agree to a delay. It also "unlawfully extended Mr. Gulley's expired statutory-maximum supervised-release term," which contravened "§ 3583(e)(2)'s plain text." Op. Br. at 14. Section 3583(e)(2) permits a district court to extend a term of supervision only "if less than the maximum authorized term was previously imposed." Op. Br. at 15. Mr. Gulley argues that "[r]equiring [him] to comply with an unlawful extended term of supervision to avoid revocation cannot possibly

qualify as a 'reasonably necessary' justification . . . under § 3583(i)." Op. Br. at 17. We agree.

To begin, we easily reject the government's contention that the district court did not actually extend Mr. Gulley's previously-imposed term of supervised release. At the hearing on November 30, the court made clear it was doing just that. *See* App. III at 32 ("You're continued on your existing conditions of supervision until [the May 30 hearing]."); App. III at 31 ("I don't want any[ ]more of this coloring outside the lines . . . thinking you are off paper . . . ."); App. III at 32 ("You make it back here on May 30th without violations of your conditions of supervised release or other things that demonstrate a lack of respect for our system here and my probation officer, then you are a free man."). And the district court confirmed, in its written order on December 1, 2023, that Mr. Gulley's "term of supervised release will be continued for 6 months with the previously ordered conditions of supervised release to remain in effect." App. I at 41. Any contrary argument is thus belied by the record.

And this six-month extension of supervision was unlawful under 18 U.S.C. § 3583(e)(2). As Mr. Gulley correctly observes, that statute authorizes a district court to "extend a term of supervised release" only "if less than the maximum authorized term was previously imposed." Mr. Gulley had previously been sentenced to the statutory maximum term of

17

supervision for his offense—three years. 18 U.S.C. § 3583(b)(2) (setting the maximum supervised release term at three years for Class C felonies); *id.* § 3559(a)(3) (defining as Class C felonies those offenses with maximum sentences of ten to twenty-five years); *id.* § 924(a)(2) (2015) (setting a maximum sentence of ten years for a § 922(g)(1) conviction at the time of Mr. Gulley's conviction). Thus, the district court made a mistake of law when it ordered Mr. Gulley's conditions of supervised release—which had expired on October 23—to remain in effect until the delayed revocation hearing.

We are mindful the district court continued Mr. Gulley's revocation hearing at his request and presumably for his benefit. As the district court explained, it indulged the request "to give [Mr. Gulley] six months to get it right." App. III at 31. Likewise, the government correctly observes "both Gulley and the district court viewed the six-month delay as providing important information about Gulley that . . . was relevant to the district court making an informed determination." Ans. Br. at 23. We have no reason to doubt the district court's intentions. But the operative question is whether the delay was "reasonable[] with respect to the legitimate interests of the defendant [or] the government." *Morales-Isabarras*, 745 F.3d at 401 (quoting *Ramos*, 401 F.3d at 118). Under any reading of § 3583(i), an unlawful act—here, the unlawful extension of Mr. Gulley's supervision

18

under § 3583(e)(2)—cannot be deemed reasonable, let alone "reasonably necessary" as a matter of law.[4]

The government alternatively suggests we can affirm by excusing any violation of 18 U.S.C. § 3583(e)(2). According to the government, Mr. Gulley asked the district court to unlawfully extend his term of supervised release, so the invited-error doctrine should apply. *See United States* v. *McBride*, 94 F.4th 1036, 1041 (10th Cir. 2024) ("Generally, 'the invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt.'" (quoting *United States* v. *Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005))). Relatedly, the government takes the position that, "when a defendant requests, consents to, or does not object to a delay[ in the revocation proceedings], the delay is generally considered reasonably necessary under § 3583(i)." Ans. Br. at 23.

---

[4] In concluding otherwise, the dissent relies on *United States* v. *Talley*, 83 F.4th 1296 (11th Cir. 2023), but that case is not helpful. *Talley* concerned only "whether the district court . . . had jurisdiction to revoke [the defendant's] supervised release based on [conduct] which occurred many months after the scheduled expiration of his supervised release term," a question involving the "fugitive tolling doctrine." *Id.* at 1300. As the dissent acknowledges, Mr. Gulley's case does not involve the fugitive tolling doctrine, and unlike *Talley*, concerns only jurisdiction to adjudicate violations that occurred before the term of supervision expired. Moreover, the Eleventh Circuit never passed on the issue we consider here: whether a delay that was authorized through an unlawful extension of a supervised release term can be deemed "reasonably necessary" under § 3583(i).

We are not persuaded. The invited error doctrine has no application here because Mr. Gulley asked the court to continue his revocation hearing, not extend the terms of his supervised release. Moreover, § 3583(i) is a jurisdictional statute, which sets non-waivable conditions on the court's adjudicatory power. *See United States* v. *Green*, 886 F.3d 1300, 1304 (10th Cir. 2018) ("While courts usually only resolve issues raised by the parties, courts have an ongoing obligation to determine whether adjudicating a particular case is within their subject-matter jurisdiction . . . . Litigants may waive non-jurisdictional arguments, but they cannot waive the argument that the district court lacks subject-matter jurisdiction."). And "parties by consent cannot confer on federal courts subject-matter jurisdiction." *New Mexico* v. *Trujillo*, 813 F.3d 1308, 1317 n.2 (10th Cir. 2016) (quoting *Wellness Int'l Network, Ltd.* v. *Sharif*, 575 U.S. 665, 698 (2015) (Roberts, C.J., dissenting)); *United States* v. *Burch*, 169 F.3d 666, 668 (10th Cir. 1999) ("Subject matter [jurisdiction] may not be conferred on a federal court by stipulation, estoppel, or waiver.").

Accordingly, we must conclude the district court was without subject matter jurisdiction on May 30, 2024, because the delay in conducting the

20

revocation hearing was not "reasonably necessary" for purposes of § 3583(i).[5]

### III

We **VACATE** the judgment entered on May 30, 2024, and **REMAND** with instructions to order Mr. Gulley released from custody and to conduct any other proceedings consistent with this opinion. We **DENY** Mr. Gulley's motion to expedite this appeal as moot.

---

[5] Given the jurisdictional nature of our disposition, we do not reach Mr. Gulley's argument that "the district court improperly considered post-expiration conduct" at the May 30 revocation hearing. Op. Br. at 22.

24-3078, United States v. Gulley

**CARSON**, J. dissenting.

Defendant's argument in this case is, at first glance, simple and appealing. He argues that 18 U.S.C. § 3583(i) governs and that the district court had no jurisdiction to revoke his supervised release and sentence him to prison. Why? Because the district court's approximate six-month delay in sentencing him was not "reasonably necessary" to adjudicate the violations he committed prior to his term of supervised release expiring. In his view, and apparently the majority's view, no delay can be "reasonably necessary" if, in the course of delaying the revocation hearing, the district court "unlawfully" extends a term of supervised release. And, Defendant argues, the district court based its six-month delay on such an "unlawful" extension of Defendant's supervised release. Thus, he continues, because § 3583(i) is "jurisdictional," we cannot consider that the blame for this mess lies not only with the prosecutor and district judge, but also Defendant himself. Although I recognize the appeal of a clean jurisdictional disposition and agree that § 3583(i) has a jurisdictional component, the facts of this case do not present a jurisdictional problem. I therefore respectfully dissent.

## I.

The majority opinion begins by asking whether § 3583(i) is jurisdictional. While we usually start by addressing jurisdiction as a threshold matter—at least in cases where jurisdiction is in question—this case, if properly analyzed, presents no jurisdictional problem.

Section 3583's statutory text extends the power of the district court to revoke an otherwise-expired term of supervised release "beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). As the majority interprets it, the statute sets forth two jurisdictional components. First, and not at issue in this case, is the requirement that the district court may act only after the supervised-release term expires if "a warrant or summons has been issued on the basis of an allegation of such a violation." If no summons or warrant issues prior to expiration of the term, the district court has no jurisdiction to act on alleged violations. Second, the majority holds, if the delay between the expiration of the term of supervised release and the adjudication of the alleged violations is not "reasonably necessary," the district court has no jurisdiction to act—presumably resulting in timely summoned violations going unaddressed.

The majority's first conclusion seems to me, uncontroversial. Section 3583(i)'s requirement that a summons or warrant issue before the term of supervised release expires displays the type of hard deadline we often see in jurisdictional statutes.

But before addressing the majority's second conclusion, whether the "reasonably necessary" portion of § 3583(i) is jurisdictional, we must determine if the district court even violated the statute. If no § 3583(i) violation exists—that is, if

2

the district court acted reasonably—then we need not and should not reach the question of whether § 3583(i) is jurisdictional.

Although the facts of this case implicate a single proceeding with many moving parts, this case actually involves two separate matters. First is the matter involving the district court's extension of Defendant's term of supervised release. Under 18 U.S.C. § 3583(e)(2), the district court may "extend a term of supervised release" only "if less than the maximum authorized term was previously imposed." Here, the district court had previously sentenced Defendant to the statutory maximum term of supervision for his offense—three years. So it had no authority to continue him on supervised release, whether for six months or six days. The statutory scheme simply left no room for such an extension. I agree with the majority that the district court committed a legal error by continuing Defendant on supervised release once his term expired.

But that matter is closed. Defendant served his unlawful six-month term without objection or appeal. As his attorney noted at oral argument, that sentence is nothing more than "a historical fact." Oral Argument at 9:05, United States v. Gulley, (No. 24-3078), https://www.ca10.uscourts.gov/sites/ca10/files/oralarguments/24-3078.mp3. Now, having asked for (or at least having not objected to) the offending term of supervised release, he does not and cannot, challenge it. He said so in his briefing before this Court:

> While one aspect of our jurisdictional argument involves the unlawfulness of the extended supervised-release term, we have not asked this Court to "set aside" the unlawfully extended supervised release term. United States v. Hardwell, 80 F.3d 1471, 1487 (10th Cir. 1996) (under the invited error doctrine, a party cannot "invite a ruling and then have it set aside on appeal").

As his brief demonstrates, Defendant recognizes that because he invited the district court's unlawful sentence through his affirmative requests and failures to object, he is stuck with the district court's action—even though it violated § 3583(e)(2).[1] Defendant most emphatically did not, and under our established precedent, could not, challenge *an unlawful term of supervised release* (which, by the way, he fully served) because he invited the district court to impose the unlawful extension. United States v. Moore, 30 F.4th 1021, 1024 (10th Cir. 2022) (holding the invited-error doctrine "precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt") (quoting United States v. Deberry, 430 F.3d 1294, 1302 (10th Cir. 2005)).

That brings us to the second matter, the one challenged on appeal. This matter involves Defendant's admitted supervised-release violations and presents a single issue: Did the district court lose jurisdiction to revoke Defendant's supervised release and sentence him for these timely summoned violations? In this second matter,

---

[1] Defendant's concession is a wise one. Our precedents are clear that where a defendant convinces the district court to apply an incorrect legal principle, even one that increases the statutory maximum to which he is subject, the invited-error doctrine precludes him from challenging that conclusion on appeal. United States v. McBride, 94 F.4th 1036, 1041 (10th Cir. 2024) (quoting United States v. Deberry, 430 F.3d 1294, 1302 (10th Cir. 2005)).

Defendant attempts to resurrect the erroneous ruling he prompted the district court to make regarding the first matter.

The Eleventh Circuit reviewed a similar two-step approach in United States v. Talley, 83 F.4th 1296 (11th Cir. 2023). In Talley, the defendant completed his custodial sentence and began serving a three-year term of supervised release. Id. at 1298. Less than four months before his term expired, probation filed a petition alleging the defendant violated two conditions of his supervised release and asked the district court to issue a warrant for his arrest. Id. The district court issued the warrant. Id. Authorities did not arrest Defendant until he committed felony battery a year and four months later—after his supervised release term would normally have expired. Id. at 1299. Probation filed another petition for this post-expiration violation. Id. Talley argued the district court could not sentence him for his last violation, because it occurred after his supervised-release term expired. The district court, however, sentenced Talley on all the violations, including the one that occurred after the term of supervised release ended. Id. at 1299–300. The district court concluded that absconding during a term of supervised release tolled the supervised release period. Id.

The Eleventh Circuit agreed the district court "had jurisdiction to revoke Talley's supervised release" based on his initial violations. Id. at 1300. The Eleventh Circuit disagreed, however, with the district court's decision to toll the term of supervised release, and sentence Talley for the latest violation. Id. at 1301. Rather than vacate the district court's entire sentence, the Eleventh Circuit remanded

5

for the district court to decide whether to revoke Talley's supervision based on pre-expiration violations alone.  Id. at 1305.  Thus, although the district court imposed its sentence months after expiration and based upon an "unlawful" tolling theory, the Eleventh Circuit acknowledged the district court had jurisdiction to proceed on sentencing for the pre-expiration violations.

To see if Defendant deserves the same treatment as the defendant in Talley, we must discern what Congress meant by "reasonably necessary."  We first examine Defendant's argument in the context of the statutory text.  Without delving into any other facts, the majority holds that the district court's "unlawful" extension of supervised release makes the sentence per se unreasonable.  In doing so, however, the majority imports its judgment about the legality of the district court's supervised-release extension under § 3583(e)(2)—which Defendant never challenged—into its interpretation of § 3583(i).

This conclusion is incorrect for two reasons.  First, it misses the thrust of the "reasonably necessary" inquiry, in which Congress primarily intended to limit delays and extensions of *unreasonable duration*, not any extension—regardless of duration—with an *unreasonable purpose*.[2]

---

[2] Even Defendant recognizes this.  As Defendant's counsel conceded at oral argument, if the revocation had been held within just a few weeks of the district court's extension of supervised release, there would be no statutory violation—even though the extension would have been unlawful.  Oral Argument at 10:32, United States v. Gulley, (No. 24-3078), https://www.ca10.uscourts.gov/sites/ca10/files/oralarguments/24-3078.mp3.

6

The majority sees no jurisdictional problem with the district court continuing the sentencing six months, when the delay would be "reasonably necessary for the adjudication of matters." Instead, the majority says that because, in hindsight, the district court imposed an unlawful term of supervised release under § 3583(e)(2), the six-month delay here cannot have been "a period reasonably necessary for the adjudication of matters." That conclusion rests on a potentially false premise Defendant did not thoroughly present—that the reason for the delay in adjudication was so he could serve a term of supervised release. But is that certainly true? The record on this point is unclear and, by not objecting or asking for clarification, Defendant left the record below in disarray. A neutral observer could make an equally strong argument that the record evidence shows the district court delayed the proceeding to allow Defendant to prove he could comply with the law for six months and, by doing so, escape all punishment for his admitted supervised-release violations. Either way, the district court's reasoning for imposing each six-month delay would be the same.[3] And under either scenario, the district court was trying to determine whether Defendant deserved its mercy. Whether the district court imposed an unlawful, invited, and unchallenged term of supervised release unrelated to the violations Defendant committed during the original term of supervised release has, at

---

[3] The district court never had the opportunity to analyze the impact of the "unlawful sentence" about which the majority and I hypothesize. Although I am personally confident on this record that the district court's extended term of supervised release lacked legal basis, I can think of no other context where we have decided such an issue for the first time on appeal where the appellant either asked for or failed to lodged an objection to the ruling below.

least in this case, little bearing on what is "reasonably necessary" under the statute.

This case need not go any further. If the district court acted reasonably, then no basis

exists on which to lose jurisdiction. Based upon the arguments presented by

Defendant, I would affirm the six-month *delay* in revocation of the expired term

because the delay's duration was reasonably necessary.

## II.

Even assuming the district court's unlawful sentence matters and resulted in a

§ 3583 violation, I still disagree with part of the majority's jurisdictional analysis.

Most of the cases the majority cites for the proposition that § 3583(i) is

jurisdictional focus on the second part of the statutory requirements—failure to

timely issue a summons or warrant. Four of these cases addressed only the

jurisdictional nature of the warrant-or-summons requirement. See United States v.

Merlino, 785 F.3d 79, 82 (3d Cir. 2015) (stating the "overarching question presented"

was whether the district court had subject-matter jurisdiction to hold a revocation

hearing "when no warrant or summons was issued prior to the expiration of

Merlino's supervised release"); United States v. Janvier, 599 F.3d 264, 266 (2d Cir.

2010) (discussing only the fact that a warrant or summons did not issue); United

States v. Hernandez-Ferrer, 599 F.3d 63, 66 (1st Cir. 2010) (confronting a situation

where the court issued no warrant or summons before the expiration of a supervised-

release term); United States v. Block, 927 F.3d 978, 985 (concluding no jurisdiction

existed because no warrant or summons issued before the expiration of the

supervised-release term). And two of the cases do not even discuss the jurisdictional

8

nature of the statute but discuss a judicially created tolling doctrine.  United States v. Thompson, 924 F.3d 122, 126 (4th Cir. 2019) (stating the general proposition that district courts "generally do not have jurisdiction to sanction supervised release violations once a supervised release term has expired"); Talley, 83 F.4th at 1300 (citing the statute but noting that the issue on appeal was the tolling doctrine).[4]  Thus, I agree that the warrant-or-summons requirement of § 3583(i) is jurisdictional.

But the majority's second conclusion, that the district court lacks jurisdiction if the time between expiration of the supervised-release term and the revocation hearing is not "reasonably necessary" is a more difficult question.  To begin with, language requiring anything be "reasonably necessary" rings of discretion.  Whether something is "reasonable" and whether something is "necessary" are questions we usually leave to the sound discretion of the district court.  United States v. Mancera-Perez, 505 F.3d 1054 (10th Cir. 2007) ("We review properly preserved sentencing challenges for reasonableness.") (quoting United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006)).  "[R]easonableness review of unpreserved substantive sentencing challenges" also requires the defendant to "have at least made the argument for a lower sentence before the district court."  Id. at 1059.  And I, at least, have found no jurisdictional statute that conditions a district court's power upon it being reasonable or its actions being necessary.

---

[4] The majority cites an unpublished decision, United States v. Broemmel, for the persuasive proposition that § 3583 is jurisdictional.  428 F. App'x 832 (10th Cir. 2011) (unpublished).  But even this case, again, addressed only tolling § 3583, not its "reasonably necessary" requirement.  Id. at 835.

It is true, the Ninth Circuit—with no explanation—has apparently tied the "reasonably necessary" language to jurisdiction, stating that § 3583(i) extends the jurisdiction of the federal court only for the time reasonably necessary to adjudicate pending supervised-release-revocation issues. United States v. Garrett, 253 F.3d 443, 449 (9th Cir. 2001). But that lonely authority is not persuasive. Even accepting (which I do) that this statute has a jurisdictional component, Congress gave district courts discretion to determine whether a delay is "reasonably necessary."[5]

And this construction makes sense. One harsh consequence of the majority's statutory construction is that a defendant can ask for, remain silent on, or even agree with the district court's action but, because the statute is "jurisdictional," there can be no waiver, forfeiture, or invited error. The majority's construction is particularly problematic because, as we have recognized in the speedy trial context, delays in adjudication can be heavily influenced by a defendant's own actions—including his own requests for continuances. United States v. Toombs, 574 F.3d 1262, 1265–67 (10th Cir. 2009) (noting that the Speedy Trial Act provides exclusions for continuances requested by the defendant so long as delay serves the ends of justice). If a defendant requests a six-month continuance, but the revocation proceeding is ripe

---

[5] While I would reject Defendant's challenge on this record, if I were sitting as the trial judge, I would have proceeded differently. But that proves my point. As I discuss below, these types of decisions are fact-bound and discretionary in nature and district judges will approach them in various ways. In my view, we intrude upon the province of the district court when we suggest that a district judge cannot consider the request of a defendant or rely on a defendant's waiver of objections in the exercise of its discretion.

for disposition, does a district court lose jurisdiction if the court grants it?  See

United States v. Occhipinti, 998 F.2d 791, 796–97 (10th Cir. 1993) (articulating the

minimum explanation necessary for a district court to grant a continuance).  What if

the request is for two weeks?  These are the types of decisions left to the discretion of

the district court, not the type subject to a hard, jurisdictional cutoff.

Again, Talley supports this reading of § 3583(i).  There, the Eleventh Circuit

determined the district court "did not need extended jurisdiction" to sentence Talley

on all his violations.  Talley, 83 F.4th at 1303.  The Circuit court stated "[t]here's no

question the district court had jurisdiction to revoke Talley's supervised release based

on his unavailability for supervision during his term of supervised release."  Id. at

1300.  The dispute instead involved whether the district court had jurisdiction to

revoke Talley's supervised release based on the crime he committed after the

expiration of his supervised release term.  Although the Eleventh Circuit declined to

toll Talley's supervised-release term, the district court's unlawfully imposed sentence

did not divest the court of jurisdiction over Talley's pre-expiration violations—it

simply signaled that the court should remand so the district court could sentence

independently for each period.

The principles the Eleventh Circuit relied upon apply with equal force in this

case.  When Congress gives a district court discretion within a jurisdictional statute,

the portion of the statute is not jurisdictional where Congress requires the district

court to exercise that discretion.  I would hold that, to the extent § 3583(i) allows

11

revocation proceedings "for any period reasonably necessary for the adjudication of matters arising before its expiration," the statute is not jurisdictional.

This interpretation is not only most faithful to the statutory text, but also gives criminal defendants a level of agency over their own fate. Criminal defendants, in consultation with counsel, may request the sentences or terms of supervised release they want. If the defendant requests a particular sentence and the district court grants the request in its discretion, the defendant cannot challenge its reasonableness on appeal. Allowing a defendant to "affirmatively [] support the reasonableness of his sentence before the district court and then [] challenge the reasonableness of that sentence on appeal," is "unjust," and "a perversion of the integrity and proper administration of justice." United States v. Mancera-Perez, 505 F.3d 1054, 1057 n.3 (10th Cir. 2007). Because § 3583(i)'s "reasonably necessary" requirement is not jurisdictional, Defendants may invite error or waive arguments directed to that portion of the statute.

Defendant did so here. Before the district court, he asked the district court to give him six-months to show he deserved no consequences for his admitted and timely-summoned violations. Viewing the record in context, the district court acted consistently with that request.[6] Under our established precedents, Defendant invited

---

[6] Respectfully, I also take issue with the reconstructed factual context upon which both Defendant and the majority seem to rely. Defendant's brief suggests that the district court's unlawful extension of supervised release was somehow surprising or inconsistent with the rest of the proceeding below. But the record tells a different story. Keep in mind, Defendant asked the district court (albeit in the alternative) to give him six months to prove he could stay drug-free and otherwise comply with the

12

this error and cannot receive relief from it.  Defendant could not (as he admits) appeal the *actually unlawful* term of supervised relief and had to serve it.  The majority cannot square that with the position that he can, in essence, collaterally attack the legality of the supervised release term in this case.  I would hold that Defendant invited the error and is, therefore, not entitled to relief.

For these reasons, I respectfully dissent.

---

law.  What did he expect the district court to do: just take his word for it?  Did he plan to come back to the district court in six-months, report he had not used drugs, and receive a reprieve from his prior violations?  Nobody believes that.  Indeed, his counsel's utter lack of objections and discussion regarding the extension of supervised release shows that the district court proceeded just as the parties anticipated.